IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOILING CRAB FRANCHISE CO., LLC, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| BOILING SEAFOOD LLC; BOILING | ) | (Jury Demand Endorsed Herein) |
| SEAFOOD CRAWFISH LLC and | ) | |
| BOILING SEAFOOD NY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Boiling Crab Franchise Co., LLC ("The Boiling Crab" or "Plaintiff"), for its complaint against defendants Boiling Seafood LLC, Boiling Seafood Crawfish LLC, and Boiling Seafood NY LLC (collectively, "Defendants"), alleges as follows:

PARTIES

1.      Boiling Crab Franchise Co., LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Garden Grove, California. The Boiling Crab operates a chain of restaurants under the trademark THE BOILING CRAB®, which The Boiling Crab has used since at least as early as 2003, and offers restaurant services and related products and services under the trademark THE BOILING CRAB®.

2.     On information and belief, defendant Boiling Seafood LLC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business with an address of 2201 Lee Road, Cleveland Heights, Ohio 44118.

3.     On information and belief, defendant Boiling Seafood Crawfish LLC is a limited liability company organized and existing under the laws of the State of Ohio, with an address of 1446 Bethel Road, Columbus, Ohio 43220.

4.     On information and belief, defendant Boiling Seafood NY LLC is a limited liability company organized and existing under the laws of the State of New York, with an address of 8492 Portage Street NW, Massillon, Ohio 44646.

<u>JURISDICTION</u>

5.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark actions), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the trademark laws), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367, because the state law claims arise out of the same operative facts as the federal claims. This Court has personal jurisdiction over Defendants because Defendants reside and do business in this district and jurisdiction. Personal jurisdiction is also proper over Defendants because Defendants sell and offer for sale goods and services, and otherwise conducts business, including the registration and use of the <boilingseafoodus.com> domain name, in Ohio, including in this judicial district.

VENUE

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because, among other reasons, Defendants transact business within this district and offer for sale in this district goods and services in a manner that infringes The Boiling Crab's trademark rights. In addition, The Boiling Crab has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

FACTS COMMON TO ALL CLAIMS

**THE BOILING CRAB'S *THE BOILING CRAB*® CHAIN OF RESTAURANTS**

7.     In 2003, The Boiling Crab, through its predecessor in interest, opened its first restaurant under the trademark THE BOILING CRAB®, in California.

8.     Based on the huge popularity and success of The Boiling Crab's THE BOILING CRAB® restaurants, The Boiling Crab has since expanded its chain of THE BOILING CRAB® restaurants to include locations throughout the United States, including 15 THE BOILING CRAB® restaurants in California and THE BOILING CRAB® restaurants in Houston, Texas; Las Vegas, Nevada; Honolulu, Hawaii; and South Miami, Florida. The Boiling Crab is also actively exploring further expansion of its chain of THE BOILING CRAB® restaurants to additional locations throughout the United States and internationally.  A true and correct copy of a picture of the exterior of one of The Boiling Crab's longest-operating THE BOILING CRAB® restaurants is attached hereto as <u>Exhibit A</u>.

9.     The Boiling Crab's THE BOILING CRAB® restaurants offer a unique selection of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB® restaurants' distinctive blends of spices and seasonings. Customers of THE BOILING CRAB® restaurants are also treated to a singularly enjoyable

3

dining experience that is characterized by the innovative food presentations, distinctive restaurant decor, unique menus, and one-of-a-kind dining experience pioneered and provided by The Boiling Crab's THE BOILING CRAB® restaurants. A true and correct copy of pictures of the inside of one of The Boiling Crab's THE BOILING CRAB® restaurants is attached hereto as Exhibit B.

10.     Further contributing to The Boiling Crab's distinctive appearance and appeal, The Boiling Crab's unique menus use a distinctive format, contain unique content, and are distinctively printed. A true and correct copy of an example of THE BOILING CRAB® restaurants' unique menu used around the time that Defendants began using its infringing trademark without authorization is attached hereto as Exhibit C.

11.     THE BOILING CRAB® chain of restaurants has become extremely well known and respected among consumers, who have come to associate The Boiling Crab's THE BOILING CRAB® trademark with The Boiling Crab's THE BOILING CRAB® restaurants and the one-of-a-kind dining experience that The Boiling Crab pioneered and provides. The Boiling Crab's THE BOILING CRAB® restaurants have also received unsolicited attention from, and positive recognition by, the media, which has further contributed to consumers' widespread recognition of The Boiling Crab's THE BOILING CRAB® restaurants.

12.     Additionally, The Boiling Crab has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB® restaurants, further contributing to the recognition and success of THE BOILING CRAB® chain of restaurants. Today, The Boiling Crab continues to promote and advertise its THE BOILING CRAB® restaurants.

13.     The Boiling Crab has also used the trademark THE BOILING CRAB®
extensively on the internet and, as a result, The Boiling Crab's THE BOILING CRAB®
trademark has developed a strong internet presence and recognition by consumers who use the
internet. The Boiling Crab is the registrant of various domain names incorporating, in whole or
in part, THE BOILING CRAB® trademark, including <theboilingcrab.com> and
<boilingcrab.com>. The Boiling Crab owns and operates a website at these domain names in
order to promote and provide consumers with information concerning The Boiling Crab's chain
of THE BOILING CRAB® restaurants. The Boiling Crab's website makes extensive use of THE
BOILING CRAB® trademark and embodies part of the unique look-and-feel of THE BOILING
CRAB® dining experience. A true and correct copy of the home page of The Boiling Crab's
website at www.theboilingcrab.com is attached hereto as Exhibit D.

14.     In addition to owning and operating a THE BOILING CRAB® website at
www.theboilingcrab.com, The Boiling Crab also uses its trademark THE BOILING CRAB®
extensively on the internet through the popular social networking sites Facebook
(www.facebook.com/theboilingcrab), Twitter (twitter.com/theboilingcrab), YouTube
(www.youtube.com/user/OfficialBoilingCrab) and Instagram
(www.instagram.com/boilingcrab/), among others.  In particular, The Boiling Crab maintains
these active social media accounts in order to further promote its THE BOILING CRAB®
trademark and to provide information about and promote its chain of THE BOILING CRAB®
restaurants. A true and correct copy of excerpts from the social media page maintained by The
Boiling Crab on Facebook is attached hereto as Exhibit E.

15.     Through The Boiling Crab's extensive use, marketing, branding, and promotion
of its THE BOILING CRAB® trademark and THE BOILING CRAB® chain of restaurants, its

trademark THE BOILING CRAB® is recognized by consumers throughout the United States and around the world, enjoying substantial recognition, goodwill, and association with THE BOILING CRAB® restaurant chain. The public distinguishes The Boiling Crab's goods and services from those of others who offer the same or similar goods and services on the basis of its trademark THE BOILING CRAB®.

### THE BOILING CRAB'S FEDERAL REGISTRATION OF ITS *THE BOILING CRAB* TRADEMARK

16.     The Boiling Crab is the owner of the following United States Trademark Registrations for its THE BOILING CRAB® trademark:

| Mark | Registration No. | Goods & Services |
|------|------------------|------------------|
| THE BOILING CRAB | 3256219 | Restaurant Services |
|  | 4174077 | Restaurant Services |
| THE BOILING CRAB | 4491054 | Restaurant Services |
|  | 5374534 | Restaurant Services |

A true and correct copy of The Boiling Crab's federal trademark registrations for these marks are attached hereto as Exhibit F.

17.     The Boiling Crab's federal registration Nos. 3256219 and 4174077 for its THE BOILING CRAB® trademarks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitute conclusive evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce

throughout the United States for restaurant services and in connection with goods and services related thereto.

18.     The Boiling Crab's federal registration Nos. 4491054 and 5374534 for its THE BOILING CRAB® trademarks constitute prima facie evidence that the recited marks are valid and that The Boiling Crab is entitled to exclusive use of the recited marks in commerce throughout the United States for restaurant services and in connection with goods and services related thereto.

## DEFENDANTS' INFRINGEMENT OF THE BOILING CRAB'S THE BOILING CRAB® TRADEMARK

19.     On information and belief, Defendants are affiliated entities that were formed for the purpose of operating restaurants providing seafood using the identical concept pioneered and offered by The Boiling Crab's THE BOILING CRAB® restaurants.

20.     In or about October 2015, long after The Boiling Crab first began using its THE BOILING CRAB® trademarks, Defendants opened and began operating a restaurant in Cleveland Heights, Ohio that imitates in all material respects the name of The Boiling Crab's THE BOILING CRAB® restaurant chain. Most blatantly, in a clear effort to confuse consumers into thinking that Defendants are somehow associated or affiliated with The Boiling Crab's THE BOILING CRAB® chain of restaurants, Defendants closely imitated The Boiling Crab's THE BOILING CRAB® trademark by calling Defendants' restaurants "Boiling Seafood" and "Boiling Seafood Crawfish" even though Defendants do not have any affiliation with, or authorization from, The Boiling Crab. A true and correct copy of a picture of Defendants' first infringing restaurant and unauthorized use of the infringing "Boiling Seafood" mark is attached hereto as Exhibit G.

21.     Defendants also adopted and began using with their knock-off restaurant a "Boiling Seafood" logo that featured the words "Boiling" and "Seafood" arranged above and below, respectively, a red crab design.



22.     On information and belief, in or about April 2017, Defendants opened and began operating a second restaurant in Columbus, Ohio that also uses the "Boiling Seafood" and "Boiling Seafood Crawfish" mark and logo (collectively, the "Infringing Marks").  A true and correct copy of pictures of Defendants' second infringing restaurant is attached hereto as Exhibit H.

23.     Defendants also adopted and began using with their knock-off restaurant a seafood concept and menu that imitated The Boiling Crab's distinctive concept and menu.  True and correct copies of pictures of Defendants' menu showing the "Boiling Seafood" mark and logo and showing a "Seafood by Pound" concept, seasoning, and spice level description imitating The Boiling Crab's menu concept and descriptions are attached hereto as Exhibit I.

24.     In October 2015, Defendants also created a "Boiling Seafood Crawfish" social media page on Facebook using the handle @boilingseafood and began using the page to promote and advertise the restaurant services Defendants were providing under the "Boiling Seafood" mark and logo.  A true and correct copy of a screen shot of Defendants' Facebook page is attached hereto as Exhibit J.

25.     Defendants have also registered the domain names <boilingseafoodcrawfishoh.com> and <boilingseafoodus.com> (the "Infringing Domain Names") and are using the domain to host a website promoting the restaurant services offered by

Defendants under the infringing "Boiling Seafood" and "Boiling Seafood Crawfish" marks.  A true and correct copy of a screen capture of Defendants' website at www.boilingseafoodus.com is attached hereto as <u>Exhibit K</u>.

26.     On information and belief, Defendants are advertising and plan to open a third "Boiling Seafood" restaurant location in Buffalo, New York.

27.     Defendants' use of the Infringing Marks for restaurant services is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of Defendants' services and goods, thereby proximately causing injury to The Boiling Crab and its trademark rights.

**DEFENDANTS HAVE IGNORED THE BOILING CRAB'S DEMANDS
THAT DEFENDANTS STOP INFRINGING THE BOILING CRAB'S
*THE BOILING CRAB*® TRADEMARK**

28.     On January 17, 2018, counsel for The Boiling Crab sent a letter to Defendants objecting to Defendants unauthorized use of the "Boiling Seafood" and "Boiling Seafood Crawfish" marks and logo in connection with restaurant services. That letter demanded, among other things, that Defendants immediately stop using the any trademark confusingly similar to the The Boiling Crab's THE BOILING CRAB® marks.

29.     Despite The Boiling Crab's demands that Defendants stop their blatant infringement of The Boiling Crab's THE BOILING CRAB® trademark and bad faith use of the Infringing Domain Name, Defendants have completely ignored The Boiling Crab's efforts to reach an informal resolution of this matter and continued, unabashedly, with their willful and intentional infringement of The Boiling Crab's THE BOILING CRAB® trademark.

## FIRST CLAIM FOR RELIEF

### (Infringement of a Federally Registered Trademark)

### 15 U.S.C. § 1114(1)

30.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 29, as if set forth fully herein.

31.     This claim is against Defendants for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32.     The Infringing Marks used by Defendants are reproductions, counterfeits, copies, or colorable imitations of The Boiling Crab's registered THE BOILING CRAB® marks.

33.     Defendants have used and are using in interstate commerce the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of restaurant services in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

34.     The Boiling Crab never consented to or authorized Defendants' adoption or commercial use of the Infringing Marks for any purpose. Defendants therefore have infringed and are infringing The Boiling Crab's THE BOILING CRAB® trademarks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

35.     Upon information and belief, The Boiling Crab alleges that, at all times relevant to this action, including when Defendants first adopted the Infringing Marks and commenced commercial use of the same in connection with restaurant services, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of THE BOILING CRAB® trademarks in connection with restaurant services and related goods and services, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE

BOILING CRAB® trademarks. Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademark is willful and deliberate.

36.     The Boiling Crab has no control over the quality of Defendants' infringing restaurant services and, because of the source confusion engendered by Defendants' willful trademark infringement, The Boiling Crab's valuable goodwill in and to its federally registered THE BOILING CRAB® trademark is being significantly harmed. Defendants' use of the Infringing Marks, in blatant imitation of The Boiling Crab's THE BOILING CRAB® trademarks, has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendants' services and products sold under the Infringing Marks.

37.     Defendants' activities are intended, and are likely, to lead the public to conclude, incorrectly, that Defendants' restaurants services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its THE BOILING CRAB® brand, to the damage and harm of The Boiling Crab and the consuming public. Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's federally registered trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1). Accordingly, The Boiling Crab is entitled to recover Defendants' profits, together with The Boiling Crab's damages, increased monetary recoveries as provided by the Lanham Act, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

38.     Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's THE BOILING CRAB® trademarks are a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially

harm The Boiling Crab's reputation as a source of high quality goods and services, as well as dilute the substantial value of The Boiling Crab's THE BOILING CRAB® name and trademarks; and (iii) Defendants' wrongful conduct, and the resulting damages to The Boiling Crab, are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks.

39.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of The Boiling Crab's federally registered THE BOILING CRAB® trademarks.

40.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

### 15 U.S.C. § 1125(a)

41.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 40, as if set forth fully herein.

42.     This claim is against Defendants for trademark and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     The Boiling Crab's THE BOILING CRAB® trademarks are nonfunctional and inherently distinctive. They have acquired secondary meaning in the eyes of the public.

44.     Defendants' use of the Infringing Marks is so similar to The Boiling Crab's THE BOILING CRAB® marks that Defendants are likely to cause confusion, mistake, and/or to deceive the consuming public as to the affiliation, connection, and/or association between The Boiling Crab's THE BOILING CRAB® restaurants and Defendants' restaurants. Defendants' unauthorized use of THE BOILING CRAB® trademarks infringes The Boiling Crab's THE BOILING CRAB® trademarks, and constitutes unfair competition. Defendants' unauthorized use of the Infringing Marks also constitutes a false designation of origin of products and services.

45.     On information and belief, at all times relevant to this action, including at the time Defendants first adopted and began using without authorization the Infringing Marks, Defendants knew of The Boiling Crab's prior adoption and widespread commercial use of its THE BOILING CRAB® marks, and knew of the valuable goodwill and reputation acquired by The Boiling Crab in connection with its THE BOILING CRAB® trademarks. Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademarks is therefore knowing, willful, and deliberate.

46.     Defendants' activities are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendants' restaurants services originate with, are sponsored by, and/or are authorized by The Boiling Crab and its chain of THE BOILING CRAB® restaurants, to the damage and harm of The Boiling Crab and the consuming public. Defendants' activities constitute willful and deliberate infringement of The Boiling Crab's THE BOILING CRAB® trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a). Accordingly, The Boiling Crab is entitled to recover Defendants' profits together with The Boiling Crab's damages, an increased monetary recovery, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

47.     Defendants' activities have caused and will continue to cause irreparable harm to The Boiling Crab for which The Boiling Crab has no adequate remedy at law, in that: (i) The Boiling Crab's rights in its THE BOILING CRAB® trademarks are unique and valuable property rights which have no readily determinable market value; (ii) Defendants' infringement constitutes an interference with The Boiling Crab's goodwill and customer relationships and will substantially harm The Boiling Crab's reputation as a source of high quality goods and services, as well as harm the substantial value of The Boiling Crab's THE BOILING CRAB® trademarks; and (iii) Defendants' wrongful conduct, and the resulting damages to The Boiling Crab, are continuing. Accordingly, The Boiling Crab is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear the Infringing Marks

48.     The Boiling Crab also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of The Boiling Crab's THE BOILING CRAB® trademarks.

49.     This is an exceptional case, further entitling The Boiling Crab to additional remedies and also entitling The Boiling Crab to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful trademark infringement, pursuant to 15 U.S.C. § 1117.

//

//

//

//

14

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under State Law)

50.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 49, as if set forth fully herein.

51.     Defendants' acts as detailed herein have impaired The Boiling Crab's goodwill, have created a likelihood of confusion, are likely to deceive consumers, and have otherwise adversely affected The Boiling Crab's business and reputation by Defendants' use of unfair, fraudulent, and unlawful business practices. These acts constitute unfair competition and unfair business practices under Ohio common law.

52.     Absent injunctive relief, The Boiling Crab has no means by which to control Defendants' deceptive and confusing use of the Infringing Marks. The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

53.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully profited and taken the benefit of The Boiling Crab's creativity and investment of time, energy, and money. Defendants have also wrongfully taken monies from consumers as the result of the aforesaid acts of unfair competition. Defendants should therefore be ordered to perform full restitution, as permitted by law, as a consequence of their acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement Under State Law)

54.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 53, as if set forth fully herein.

15

55.     Defendants' acts infringe The Boiling Crab's THE BOILING CRAB® trademarks. Defendants' acts have caused, and are likely to continue to cause, consumer confusion and injury to The Boiling Crab's business and reputation and to dilute the distinctive quality of The Boiling Crab's THE BOILING CRAB® trademarks, and constitute trademark infringement under Ohio common law. Defendants' acts have been and are the proximate cause of injury to The Boiling Crab.

56.     Absent injunctive relief, The Boiling Crab has no means to stop Defendants' continuing infringement of The Boiling Crab's THE BOILING CRAB® trademarks. The Boiling Crab is therefore entitled to injunctive relief prohibiting Defendants from continuing the unlawful acts described herein. The Boiling Crab is also entitled to damages, Defendants' profits, punitive damages, an accounting, costs, attorneys' fees and other damages and monetary relief, all according to proof at trial.

## FIFTH CLAIM FOR RELIEF

### (Cancellation of Ohio Trademark Registration Under State Law)

57.     The Boiling Crab realleges and incorporates by reference the allegations in paragraphs 1 through 56, as if set forth fully herein.

58.     On information and belief, on or about December 9, 2017, defendant Boiling Seafood LLC filed with the Ohio Secretary of State's office an application to register the mark BOILING SEAFOOD as a service mark for food and restaurant services in Class 43, claiming a date of first use and first use in Ohio of July 6, 2015.

59.     On information and belief, on or about December 13, 2017, the Ohio Secretary of State's office issued Ohio Service Mark Registration No. 201734300634 for BOILING SEAFOOD to defendant Boiling Seafood LLC.

16

60.     The BOILING SEAFOOD mark registered in Ohio to defendant Boiling Seafood LLC so resembles The Boiling Crab's federally registered THE BOILING CRAB® trademarks, which have not been abandoned, as to be likely, when used on or in connection with the food and restaurant services of defendant, to cause confusion nor mistake or deceive.

61.     Accordingly, defendant Boiling Seafood LLC was not and is not entitled to registration of its BOILING SEAFOOD mark, pursuant to Ohio Revised Code § 1329.55(g).

62.     The Boiling Crab is therefore entitled to a declaration and order for cancellation of defendant Boiling Seafood LLC's Ohio Service Mark Registration No. 201734300634 for BOILING SEAFOOD, pursuant to Ohio Revised Code §§ 1329.62(C)(1), (D).

## PRAYER FOR RELIEF

WHEREFORE, The Boiling Crab prays for entry of a judgment ordering and declaring:

1.     That, preliminarily pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendants, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method or device, any of the following acts:

(a)     Directly or indirectly infringing, using, or displaying the trademark THE BOILING CRAB® or any mark similar thereto, including but not limited to the Infringing Marks, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display The Boiling Crab's THE BOILING CRAB® trademarks, or any marks similar thereto;

(b)     Using any term that is likely to be confused with The Boiling Crab's THE BOILING CRAB® trademarks;

(c)     Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered by sale by Defendants originate from The Boiling Crab or its THE BOILING CRAB® restaurants, or are sponsored, approved, licensed by, or associated with The Boiling Crab or its THE BOILING CRAB® restaurants, or that Defendants or their services or products are in some way associated or affiliated with The Boiling Crab or its THE BOILING CRAB® restaurants;

(d)     Committing any other acts calculated to or that do unfairly compete with The Boiling Crab in any manner;

(e)     Filing or prosecuting any trademark application for the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

(f)     Filing or maintaining any business license, d/b/a, or similar document using the trademark THE BOILING CRAB® or any mark confusingly similar thereto; and

(g)     Registering, using, or trafficking in any trade name or domain name containing or consisting of the trademark THE BOILING CRAB® or any mark confusingly similar thereto;

2.     That Defendants be required to account for all profits derived by them from their trade, infringing conduct, unfair practices and competition, and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to The Boiling Crab;

3.     That Defendants be required to turn over to be impounded during the pendency of this action all goods and other materials in their possession, custody, or control used or involved

18

in the trademark infringement complained of herein, and to turn over for destruction all such goods and other materials, or in the alternative that all such items be subject to seizure;

4.      That the Ohio Secretary of State cancel from the register defendant Boiling Seafood LLC's Ohio Service Mark Registration No. 201734300634 for BOILING SEAFOOD, pursuant to Ohio Revised Code §§ 1329.55(G), 1329.62(C)(1), (D);

5.      That Defendants be ordered to pay all of The Boiling Crab's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademark rights, and in connection with all efforts to stop Defendants' trademark infringement and unfair competition;

6.      That, in addition to being ordered to pay its profits attributable to the infringing conduct complained of herein to The Boiling Crab, Defendants also be ordered to pay their infringing profits as monetary damages and reasonable royalties, to be increased by the Court by such amount as the Court deems to be just, together with The Boiling Crab's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117, and paid to The Boiling Crab;

7.      That Defendants be ordered to pay exemplary or punitive damages to the extent available under, and according to, law;

8.      That Defendants have willfully and deliberately committed acts of trademark infringement and unfair competition against The Boiling Crab;

9.      That Defendants be ordered to pay interest according to law;

10.     That Defendants be ordered to pay the costs of corrective advertising; and

11.     For all such other, further, and different relief that this Court deems just and proper.

/s/ Mark I. Wallach
Mark I. Wallach (Reg. No. 0010948)
Email: mwallach@walterhav.com
Direct Dial: 216-928-2939
John N. Neal (Reg. No. 0075355)
Email: jneal@walterhav.com
Direct Dial: 216-619-7866
WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 East 9th Street, Suite 3500
Cleveland, Ohio 44114
Phone:  216-781-1212/Fax:  216-575-0911


Steven E. Klein (*pro hac vice forthcoming*)
Email: stevenklein@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

*Attorneys for Boiling Crab Franchise Company LLC*