IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOILING CRAB FRANCHISE CO., LLC, ) | CASE NO.:  1:19-cv-0580 |
| Plaintiff, ) | JUDGE DAN A. POLSTER |
| v. ) | **PLAINTIFF'S RULE 26(a)** |
| ) | **INITIAL DISCLOSURES** |
| BOILING SEAFOOD LLC, et al. ) | |
| Defendants. ) | |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, plaintiff, Boiling Crab Franchise Co., LLC ("The Boiling Crab" or "Plaintiff"), hereby provides these Initial Disclosures to defendants Boiling Seafood LLC, Boiling Seafood Crawfish LLC, and Boiling Seafood NY LLC (collectively, "Defendants").

Plaintiff makes these Initial Disclosures as required under the Federal Rules and without waiving any claims available to Plaintiff.  These Initial Disclosures are based on information available to Plaintiff at this time.  Plaintiff reserves the right to amend and supplement these disclosures as necessary during the course of discovery.  The information herein is provided without any admission of the relevance or admissibility of particular information for any specific purpose, and without waiver of attorney-client privilege, work-product immunity, or any other privilege or immunity.  Plaintiff reserves their right to object to the admissibility of any disclosed information set forth below.

1

A. **PERSONS WITH KNOWLEDGE**

Plaintiff identifies the following individuals currently known to Plaintiff as likely to have knowledge of discoverable information that Plaintiff may use to support its claims based upon investigation and presently available information:

| Name | Categories of Information | Address |
|---|---|---|
| Dada Ngo – Founder, CEO and President, The Boiling Crab | Information related to all of the claims at issue in this litigation, including but not limited to:<br><br>- Plaintiff's rights in its THE BOILING CRAB marks, including without limitation the selection, adoption, first use, registration and continuous use of Plaintiff's marks.<br>- Plaintiff's ownership and use of the <theboilingcrab.com> domain name.<br>- Plaintiff's provision of restaurant services under Plaintiff's marks.<br>- The inherent and commercial strength of Plaintiff's THE BOILING CRAB marks.<br>- Plaintiff's advertising and promotion of restaurant services under Plaintiff's THE BOILING CRAB marks.<br>- The trade channels and target consumers for the restaurant services offered under Plaintiff's marks.<br>- The similarity in the marks, logos, and trade dress used by Defendants in providing restaurant services and the marks, logos and trade dress used by Plaintiff in providing restaurant services.<br>- The harm to Plaintiff caused by Defendants' conduct. | c/o Davis Wright Tremaine LLP<br>1300 SW 5th Ave., Suite 2400<br>Portland, Oregon, 97201 |
| Sinh Nguyen – Founder, Chief Financial Officer, The Boiling Crab | Information related to all of the claims at issue in this litigation, including but not limited to:<br><br>- Plaintiff's rights in its THE BOILING CRAB marks, including without limitation the | c/o Davis Wright Tremaine LLP<br>1300 SW 5th Ave., Suite 2400<br>Portland, Oregon, 97201 |

| | | |
|---|---|---|
| | selection, adoption, first use, registration and continuous use of Plaintiff's marks.<br>- Plaintiff's ownership and use of the <theboilingcrab.com> domain name.<br>- Plaintiff's provision of restaurant services under Plaintiff's marks.<br>- The inherent and commercial strength of Plaintiff's THE BOILING CRAB marks.<br>- Plaintiff's advertising and promotion of restaurant services under Plaintiff's THE BOILING CRAB marks.<br>- The trade channels and target consumers for the restaurant services offered under Plaintiff's marks.<br>- The similarity in the marks, logos, and trade dress used by Defendants in providing restaurant services and the marks, logos and trade dress used by Plaintiff in providing restaurant services.<br>- The harm to Plaintiff caused by Defendants' conduct. | |
| David Nguyen – VP of Operations, The Boiling Crab | Information related to all of the claims at issue in this litigation, including but not limited to:<br><br>- Plaintiff's provision of restaurant services under Plaintiff's marks.<br>- The inherent and commercial strength of Plaintiff's THE BOILING CRAB marks.<br>- Plaintiff's advertising and promotion of restaurant services under Plaintiff's THE BOILING CRAB marks.<br>- The trade channels and target consumers for the restaurant services offered under Plaintiff's marks.<br>- The similarity in the marks, logos, and trade dress used by Defendants in providing restaurant services and the marks, logos and trade dress used by Plaintiff in providing | c/o Davis Wright Tremaine LLP<br>1300 SW 5th Ave., Suite 2400<br>Portland, Oregon, 97201 |

3

| | | |
|---|---|---|
| | restaurant services.<br>- The harm to Plaintiff caused by Defendants' conduct. | |
| William Kilmer – Controller, The Boiling Crab | Information related to all of the claims at issue in this litigation, including but not limited to:<br><br>- Plaintiff's provision of restaurant services under Plaintiff's marks.<br>- The inherent and commercial strength of Plaintiff's THE BOILING CRAB marks.<br>- Plaintiff's advertising and promotion of restaurant services under Plaintiff's THE BOILING CRAB marks.<br>- The trade channels and target consumers for the restaurant services offered under Plaintiff's marks.<br>- The similarity in the marks, logos, and trade dress used by Defendants in providing restaurant services and the marks, logos and trade dress used by Plaintiff in providing restaurant services.<br>- The harm to Plaintiff caused by Defendants' conduct. | c/o Davis Wright Tremaine LLP<br>1300 SW 5th Ave., Suite 2400<br>Portland, Oregon, 97201 |
| Emily Lin | On information and belief, Emily Lin is a principal of Defendants and is likely to have discoverable information to all of the claims and defenses at issue in this litigation | Upon information and belief, Emily Lin can be reached through Defendants' counsel. |
| Weixin Lin | On information and belief, Emily Lin is a principal of Defendants and is likely to have discoverable information to all of the claims and defenses at issue in this litigation | Upon information and belief, Emily Lin can be reached through Defendants' counsel |

Any contact with a disclosed individual from the Plaintiff shall be through the Plaintiff's counsel, Davis Wright Tremaine LLP, 1300 SW 5th Avenue, Suite 2400, Portland, Oregon, 97201 and Walter Haverfield, The Tower at Erieview, 1301 East 9th Street, Suite 3500,

4

Cleveland, Ohio 44114. Plaintiff reserves the right to supplement and/or amend the foregoing disclosure of individuals should any additional information become available.

### B. DESCRIPTION OF DOCUMENTS

Based upon current information, Plaintiff may use documents within the following categories of documents, data compilations, and other tangible things, in support of its claims, to the extent that any such documents exist and are within the Plaintiff's possession, custody, and control. Plaintiff provides this listing without any concession, agreement, admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability of particular documents or information for any purpose (particularly at this early stage of the case), and without waiver of any attorney-client privilege, work product immunity, or any other privilege or immunity.

a. Plaintiff's pleaded federal trademark registrations.

b. Documents related to the sale, marketing and franchising of Plaintiff's restaurant services under Plaintiff's THE BOILING CRAB marks.

c. Samples of menus, signage, advertising and promotional materials for Plaintiff's restaurant services bearing Plaintiff's marks.

d. Samples of third party press coverage and reviews evidencing the renown and reputation of Plaintiff's THE BOILING CRAB marks.

e. Representative documents showing Plaintiff's use of the infringing marks with restaurant services.

f. Pre-suit communications between representatives of Plaintiff and Defendants concerning Defendants' infringement.

g. Defendants' federal trademark applications.

Documents and materials in Plaintiff's possession, custody, or control are located at Plaintiff's headquarters in Garden Grove, California or the offices of Defendants' counsel, Davis Wright Tremaine LLP, 1300 SW 5th Avenue, Suite 2400, Portland, OR 97201, or Walter Haverfield, The Tower at Erieview, 1301 East 9th Street, Suite 3500, Cleveland, Ohio 44114.

Plaintiff's disclosure is based upon investigation and currently available information. Plaintiff reserves the right to identify additional categories of documents.

### C. COMPUTATION OF DAMAGES

Plaintiff has at least three separate categories of damages: (1) damages for trademark infringement and false designation of origin under the Lanham Act and common law in the form of lost franchise fees and a reasonable royalty; (2) Defendants' profits earned through trademark infringement; and (3) an award for corrective advertising to dispel any market confusion that may have occurred. Plaintiff is not yet able to compute these damages with exactitude as the computation depends on information not in its possession, including Defendants' sales and revenues.

However, Plaintiff contends that a reasonable royalty would be calculated based on Plaintiff's current fees and royalties for franchised locations that are licensed to use Plaintiff's THE BOILING CRAB marks. These fees and royalties include but are not limited to: (i) an initial franchise fee of $39,500 for the first location and $31,600 for each subsequent location; (ii) a royalty fee of 5% of gross sales;[1] and (iii) a marketing fee of 0.5% of gross sales. Based on Defendants' operation of, or publicly announces plans to operate, three restaurant locations under the infringing marks, Plaintiff preliminarily estimates that its reasonable royalty damages are in an amount of at least $150,000. Plaintiff preliminarily estimates its damages to undertake corrective advertising to be at least $25,000. Once Plaintiff is able to conduct discovery and seek expert assistance, Plaintiff will be able to compute its damages with greater precision.

---

[1] "Gross sales" are measured by the aggregate of all revenue and income from operating the location, including the actual proceeds received from all sales of food, beverages or other goods, merchandise or services, whether payment is in cash, by credit card, gift cards, or other generally accepted form of payment. Gross sales also include all proceeds from any business interruption insurance, revenue from the sale of menu items to employees, and the value of products and services bought by customers by redeeming authorized gift cards should we introduce a gift card program in the future.

**D. INSURANCE AGREEMENTS**

Plaintiff is not aware of any insurance agreement relevant to this matter.

Date:   June 19, 2019

    /s Steven E. Klein/
Steven E. Klein (*pro hac vice*)
Email: stevenklein@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Mark I. Wallach (Reg. No. 0010948)
Email: mwallach@walterhav.com
Direct Dial: 216-928-2939
John N. Neal (Reg. No. 0075355)
Email: jneal@walterhav.com
Direct Dial: 216-619-7866
WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 East 9th Street, Suite 3500
Cleveland, Ohio 44114
Phone:  216-781-1212/Fax:  216-575-0911

*Attorneys for Boiling Crab Franchise Co., LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2019, I caused a true and correct copy of the foregoing to be served upon the following via email:

**Mark B. Cohn**
Ste. 309
2500 Airport Road, S
Naples, FL 34112
239-450-2019
Email: mark@markcohnlaw.com

*Attorney for Defendants*

Dated this 19th day of June, 2019.

/s Steven E. Klein
Steven E. Klein